IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ADVENTURE PLUS ENTERPRISES, INC.,** | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:06-CV-2032-L |
| **GOLD SUIT, INC., d/b/a JAGUAR GOLD CLUB,** | § § § § § | |
| Defendant. | § § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion for Preliminary Injunction, filed January 26, 2007. After careful consideration of the motion, response, reply, related briefs, and applicable law, the court **denies** Plaintiff's Motion for Preliminary Injunction.

**I.    Factual and Procedural Background**

Plaintiff Adventure Plus Enterprises, Inc. ("Adventure" or "Plaintiff") filed this trademark and unfair competition action on November 3, 2006, against Gold Suit, Inc., d/b/a Jaguar Gold Club ("Gold Suit" or "Defendant"). Adventure operates The Gold Club, which is a strip club located in Dallas, Texas. Appendix to Plaintiff's Brief in Support of its Motion for Preliminary Injunction ("Pl. App.") at 2. Adventure seeks to enjoin Gold Suit from using the words "Gold Club" in connection with strip club services offered in the Dallas/Fort Worth Metroplex. Plaintiff's Brief in Support of its Motion for Preliminary Injunction ("Pl. Br.") at 1. In May 2004, Adventure registered the words "The Gold Club" as a trademark in connection with "Entertainment, Theater, Restaurant, and Night Club Services" under Chapter 16 of the Texas Business & Commerce Code. Pl. App. at

3-4. Adventure contends that Gold Suit's use of the name Jaguar Gold Club at two strip clubs—one in Dallas and one in Fort Worth—infringes Adventure's registered trademark. Pl. Br. at 1. Gold Suit does not address the issue of whether the name Jaguar Gold Club infringes Adventure's trademark. Rather, Gold Suit, which has owned and operated Jaguar Gold Club in El Paso, Texas, since July 2002, argues that it has not infringed Adventure's trademark because it does not operate any Jaguar Gold Clubs in the Dallas/Fort Worth Metroplex.[1] Defendant's Response in Opposition to Plaintiff's Motion for Preliminary Injunction and Brief in Support ("Def. Resp.") at 2; Appendix to Plaintiff's Reply Brief in Support of its Motion for Preliminary Injunction ("Pl. Reply App.") at 3. Gold Suit contends that a different entity—Manana Entertainment, Inc.—owns and operates Jaguar Gold Club in Dallas. *Id*. Gold Suit's response does not address the ownership of Jaguar Gold Club in Fort Worth. An e-mail sent from Gold Suit's counsel to Adventure's counsel on March 23, 2007, indicates that an entity named Golden Productions operates the Fort Worth club.[2] Pl. Reply App. at 3. Bryan Scott Foster is the sole owner of all three entities—Gold Suit, Manana Entertainment, Inc., and Golden Productions JGC Fort Worth, LLC. Plaintiff's Reply Brief in Support of its Motion for Preliminary Injunction ("Pl. Reply") at 3 n.2; Pl. Reply App. at 3; Def. Resp. at 2. In the March 2007 e-mail to Adventure's counsel, Gold Suit's counsel advised that he was authorized to accept service for Golden Productions, and that Adventure should direct its preliminary injunction motion at that entity. Pl. Reply App. at 3. Adventure does not set forth

---

[1] Plaintiff's complaint identifies Defendant as Gold Suit, Inc., d/b/a Jaguar Gold Club; however, Plaintiff and Defendant both also use the names Jaguars Gold Club and Jaguar's Gold Club interchangeably in their pleadings and briefs. The court is unable to determine the correct name of the clubs. For the sake of consistency, the court will refer to the clubs as Jaguar Gold Club, as named by Plaintiff in its complaint.

[2] Gold Suit's counsel named the operator of the Fort Worth club as Golden Productions/Golden Productions JGC Fort Worth, LLC. Pl. Reply App. at 5-6.

**Memorandum Opinion and Order - Page 2**

evidence to dispute that Manana Entertainment, Inc. and Golden Productions operate the Dallas and Fort Worth clubs, respectively; nonetheless, Adventure has chosen to proceed with its motion directed at Gold Suit as the sole defendant, and the court will proceed with its analysis accordingly.

## II. Legal Standards

### A. Preliminary Injunction

There are four prerequisites for the extraordinary relief of a temporary restraining order or preliminary injunction. To prevail, Plaintiff must demonstrate the following: (i) a substantial likelihood of success on the merits; (ii) a substantial threat of immediate and irreparable harm, for which he has no adequate remedy at law; (iii) that greater injury will result from denying the temporary restraining order than from its being granted; and (iv) that a temporary retraining order will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 911, 993 (5th Cir. 1987); *Canal Auth. of the State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted. *Miss. Power & Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet *any* of these four requirements, the court cannot grant the temporary restraining order or preliminary injunction.

### B. Trademark Infringement

To qualify for a preliminary injunction in a trademark infringement action, Plaintiff must show a substantial likelihood of success on the merits of its infringement claim. *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000). "A common law trademark infringement action under Texas law presents no difference in issues than those under federal

trademark infringement actions." *Zapata Corp. v. Zapata Trading Int'l, Inc.*, 841 S.W.2d 45, 47 (Tex. App.—Houston [14th Dist.] 1992, no writ) (citing *Waples-Platter Cos. v. Gen. Foods Corp.*, 439 F. Supp. 551, 583 (N.D. Tex. 1977)). To prevail on a trademark infringement claim, Plaintiff must show the following: "(1) that the mark or trade dress, as the case may be, qualifies for protection and (2) that [Defendant's] use of the mark or trade dress creates a likelihood of confusion in the minds of potential consumers." *Pebble Beach Co. v. Tour 18 Ltd.*, 155 F.3d 526, 536 (5th Cir. 1998). To be a valid trademark that can be registered in Texas, a mark must distinguish the applicant's goods from those of others, or must have "become distinctive." TEX. BUS. & COM. CODE ANN. § 16.08 (Vernon 2006). A registered trademark "is admissible in evidence as prima facie proof" of the registered owner's "exclusive right to use the mark in commerce in [Texas] in connection with the goods or services specified in the certificate [of registration]." § 16.15(c).

**III.    Analysis**

    **A.    Substantial Likelihood of Success on the Merits**

The court finds that Adventure has not shown a substantial likelihood of success on the merits of its trademark infringement claims against Gold Suit because it has not shown that Gold Suit is liable for the actions of either Manana Entertainment, Inc. or Golden Productions JGC Fort Worth, LLC—the entities operating Jaguar Gold Clubs in the Dallas/Fort Worth Metroplex. The motion and evidence set forth by Adventure and Gold Suit create doubt whether Adventure has sued the proper party. Adventure seeks to enjoin Gold Suit's use of "Gold Club" at establishments apparently operated by Manana Entertainment, Inc. and Golden Productions JGC Fort Worth, LLC. Pl. Reply App. at 3. Gold Suit has presented evidence that it does not own or operate the Dallas Jaguar Gold Club. Appendix to Defendant's Response in Opposition to Plaintiff's Motion for

Preliminary Injunction ("Def. Resp. App.") at 1-3. Adventure sets forth no evidence to establish that Gold Suit owns or operates a Jaguar Gold Club in Dallas or Fort Worth. Furthermore, while Adventure has presented some evidence that the same individual controls the El Paso, Dallas, and Fort Worth clubs, it has presented no evidence to establish Gold Suit's liability either directly or vicariously for the actions of separate business entities operating in Dallas and Fort Worth. *See* Pl. Reply at 3 n.2.

Adventure argues that its motion may apply to Gold Suit because liability for infringement is not limited to the principal operator of a business using an infringing mark. Pl. Reply at 4. Adventure argues that a movant may rely on Fed. R. Civ. P. 65(d) to bind persons or entities not party to the suit. *Id.* Adventure misses the mark with these arguments. To obtain a preliminary injunction against Gold Suit, Adventure must show a substantial likelihood of succeeding on the merits of its claim against Gold Suit, not simply that an injunction could also apply to Gold Suit if issued. *See Enrique Bernat F., S.A.*, 210 F.3d at 442. Additionally, the cases cited by Adventure in support of its arguments are inapplicable because they set forth contributory and vicarious liability standards related to copyright infringement, not trademark infringement. Pl. Reply at 4 (citing *Deutsch v. Arnold*, 98 F.2d 686, 688 (2nd Cir. 1938); *Religious Tech. Center v. Netcom On-Line Comms. Servs., Inc.*, 907 F. Supp. 1361, 1373 (N.D. Cal. 1995)). Adventure has not shown that these cases apply to its trademark infringement claim. Pl. Reply at 4.

Finally, Adventure argues that Gold Suit's failure to address its relationship with the Fort Worth Jaguar Gold Club in its response supports Adventure's motion for injunctive relief with respect to that club because Gold Suit presented no evidence to support denial of such relief. Pl. Reply at 3. The party seeking an injunction, however, bears the burden of proving each element

required before the court can grant a preliminary injunction. *Miss. Power & Light Co.*, 760 F.2d at 621; *Clark*, 812 F.2d at 993. Since Adventure has set forth no evidence that Gold Suit owns or operates the Fort Worth club, it has not met its burden to establish a substantial likelihood that it will succeed on the merits of its trademark infringement claim against Gold Suit.

### B. Remaining Elements for Preliminary Injunction

Since Adventure has not shown a substantial likelihood of succeeding on the merits of its trademark infringement claim, the court need not address the remaining elements necessary for preliminary injunction.

## IV. CONCLUSION

For the reasons stated herein, the court determines that Adventure has failed to demonstrate a substantial likelihood of success on the merits of its trademark infringement claim against Gold Suit. Accordingly, the court **denies** Plaintiff's Motion for Preliminary Injunction.

**It is so ordered** this 19th day of July, 2007.

Sam A. Lindsay
United States District Judge