IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| ADVENTURE PLUS ENTERPRISES, INC. | § § § | |
|---|---|---|
| Plaintiff, | § § | NO. 3-06-CV-2032-BD |
| VS. | § § | (Consolidated With: No. 3-07-CV-1315-BD) |
| GOLD SUIT, INC., ET AL. | § § | |
| Defendants. | § § | |

## **MEMORANDUM ORDER**

Plaintiff Adventure Plus Enterprises, Inc., a strip club operator who owns the registered trademark "The Gold Club," seeks a preliminary injunction to prevent Manana Entertainment, Inc. ("Manana") and Golden Productions JGC Fort Worth ("Golden") from using the name "Jaguars Gold Club" in marketing their competing adult entertainment venues in the Dallas/Fort Worth metroplex. The motion has been fully briefed by the parties and is ripe for determination.

A preliminary injunction "is an extraordinary remedy, not to be granted routinely." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). In order to obtain injunctive relief, plaintiff must prove, by a clear showing: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened harm outweighs any damage the injunction might cause to the opposing party; and (4) that the injunction will not disserve the public interest. *See Sierra Club v. City of San Antonio*, 112 F.3d 789, 793 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 879 (1998). If plaintiff fails to carry its burden on any one of the four elements, the court must deny the motion. *See Gonannies, Inc. v. Goupair.Com, Inc.*, 464 F.Supp.2d 603, 607

(N.D. Tex. 2006); *Sun Water Systems v. Vitasalus, Inc.*, No. 4-05-CV-574-Y, 2007 WL 628099 at *7 (N.D. Tex. Feb. 28, 2007).

Here, plaintiff has failed to establish a substantial threat of irreparable harm. It is well settled that delay in seeking relief is an important factor bearing on the need for a preliminary injunction. *Gonannies*, 464 F.Supp.2d at 609, *quoting Wireless Agents, L.L.C. v. T-Mobile USA, Inc.*, No. 3-05-CV-0094-D, 2006 WL 1540587 at *3 (N.D. Tex. Jun. 6, 2006) ("Absent a good explanation, a substantial period of delay militates against the issuance of a preliminary injunction by demonstrating that there is no apparent urgency to the request for injunctive relief."); *see also Amicus Communications, L.P. v. Hewlett-Packard Co., Inc.*, No. SA-98-CA-1176-PMA, 1999 WL 495921 at *18-19 (W.D. Tex. Jun. 11, 1999). The evidence shows that plaintiff knew about the Jaguars Gold Club in Dallas as early as August 2005. In a letter dated August 31, 2005, plaintiff, through its attorney, demanded that the club owner "cease and desist any use of 'Jaguars Gold Club,' 'Gold Club,' or any other name substantially similar to The Gold Club immediately." (Def. Resp. App. at 7). Subsequent correspondence threatening litigation was sent to the club owner on June 8, 2006. (*Id.* at 8). Yet plaintiff did not file this lawsuit until November 3, 2006, nearly 18 months after discovering the alleged infringement of its trademark. Plaintiff waited another four months, until January 26, 2007, before seeking a preliminary injunction.[1] No explanation has been offered to justify or excuse this delay. On these facts, the court finds that there is no urgency for injunctive relief and, thus, no substantial threat of irreparable harm if an injunction is not granted. *See*

---

[1] Plaintiff originally sued only Gold Suit, Inc., the operator of a Jaguars Gold Club in El Paso, Texas. Thereafter, plaintiff learned that Manana operated the Jaguars Gold Club in Dallas and that Golden operated the Jaguars Gold Club in Fort Worth. Although opposing counsel agreed to accept service on behalf of these new entities in March 2007, (*see* Plf. Reply App. at 3), plaintiff did not amend its complaint to join Manana and Golden until July 27, 2007-- eight days after the court denied an earlier motion for preliminary injunction because plaintiff failed to prove that Gold Suit was liable for the actions of either Manana or Golden. *Adventure Plus Enterprises, Inc. v. Gold Suit, Inc.*, No. 3-06-CV-2032-L, 2007 WL 2079832 (N.D. Tex. Jul. 19, 2007). After amending its complaint, plaintiff filed a second motion for preliminary injunction against Manana and Golden on August 9, 2007.

*Gonannies*, 464 F.Supp.2d at 609 (no irreparable injury where plaintiff waited six months after discovering allegedly infringing use before seeking injunction); *Kensington Partners v. Cordillera Ranch, Ltd.*, No. SA-98-CA-121-DWS, 1998 WL 1782540 at *13 (W.D. Tex. Jun. 16, 1998) (same as to 10-month delay between cease-and-desist letter and filing of motion for injunctive relief).

Accordingly, plaintiff's motion for preliminary injunction [Doc. #29] is denied.

SO ORDERED.

DATED: April 2, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE