IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADVENTURE PLUS ENTERPRISES, INC. | § § § | |
| Plaintiff, | § § | NO. 3-06-CV-2032-BD |
| VS. | § § | (Consolidated With: No. 3-07-CV-1315-L) |
| GOLD SUIT, INC., ET AL. | § § | |
| Defendants. | § | |

## **MEMORANDUM ORDER**

Defendants have filed a motion for summary judgment in this trademark infringement and unfair competition action brought under federal and Texas law. At issue is whether plaintiff's registered mark, "The Gold Club," is merely descriptive of services offered in the strip club industry and, therefore, not entitled to trademark protection, or whether the term is suggestive of such services. In the event the court is unable to determine as a matter of law that "The Gold Club" is a descriptive term, all defendants contend that operating strip clubs under the name "Jaguar's Gold Club" does not create a likelihood of confusion in the minds of potential consumers, while certain defendants deny ever using "The Gold Club" mark or claim a prior good-faith use of the mark in geographically remote markets. The issues have been fully briefed by the parties and the motion is ripe for determination.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). A movant who bears the burden of proof at trial must establish "beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir.

1986). By contrast, a party seeking summary judgment who does not have the burden of proof at trial need only point to the absence of a genuine fact issue. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir), *cert. denied*, 113 S.Ct. 82 (1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993).

The threshold issue in this case, as in any trademark infringement and unfair competition action, is whether the mark at issue qualifies for protection under federal and state law. This, in turn, requires the court to locate the mark along a "spectrum of distinctiveness."[1] *P.A.W. Safety Charities v. Petco Animal Supplies, Inc.*, No. 3:99-CV-0212-P, 2000 WL 284193 at *2 (N.D. Tex. Mar. 15, 2000) (Kaplan, J.), *aff'd*, 247 F.3d 241 (Table), 2001 WL 43563 (5th Cir. Jan. 10, 2001) (internal quotation omitted). Trademarks can be classified, in increasing order of distinctiveness, as generic, descriptive, suggestive, arbitrary, or fanciful. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768, 112 S.Ct. 2753, 2757, 120 L.Ed.2d 615 (1992); *Union National Bank of Texas, Laredo v. Union National Bank of Texas, Austin*, 909 F.2d 839, 844 (5th Cir. 1990). Generic words or phrases are considered the weakest marks and "are never eligible for trademark protection." *Union National Bank*, 909 F.2d at 844. Descriptive marks, while not inherently distinctive, may be protected upon a showing of secondary meaning, which occurs "when, in the minds of the public, the primary significance of a [mark] is to identify the source of the product rather than the product itself." *Wal-*

---

[1] "Distinctiveness" is the term used to indicate that a mark serves as a symbol of its origin. *See Sicilia Di R. Biebow & Co. v. Cox*, 732 F.2d 417, 425 n.3 (5th Cir. 1984).

*Mart Stores, Inc. v. Samara Brothers, Inc.*, 529 U.S. 205, 211, 120 S.Ct. 1339, 1343, 146 L.Ed.2d 182 (2000); *see also Union National Bank*, 909 F.2d at 844. Suggestive, arbitrary, and fanciful marks are considered inherently distinctive even without proof of secondary meaning. *Two Pesos*, 112 S.Ct. at 2757.

The debate in this case focuses on whether plaintiff's registered mark, "The Gold Club," is merely descriptive of services offered in the strip club industry, or whether the term is suggestive of such services. A descriptive term is one that "conveys an immediate idea of the qualities, characteristics, effect, purpose, or ingredients of a product or service." *Zatarain's, Inc. v. Oak Grove Smokehouse, Inc.*, 698 F.2d 786, 792 (5th Cir. 1983). Descriptive terms are usually adjectives, such as "green," "speedy," "reliable," "mighty," or "pretty," but also can be geographical, such as "Texas," "Midwest," "Fort Worth," or "Rodeo Drive." *Sun Water Systems, Inc. v. Vitasalus, Inc.*, No. 4-05-CV-0574-Y, 2007 WL 628099 at *13 (N.D. Tex. Feb. 28, 2007), *citing Union National Bank*, 909 F.2d at 845. A suggestive mark requires "the consumer to exercise the imagination in order to draw a conclusion as to the nature of goods and services." *Zatarain's*, 698 F.2d at 791. Oft-cited examples of suggestive marks are "Tide" for laundry detergent and "Penguin" for refrigerators. *Sun Water Systems*, 2007 WL 628009 at *13, *citing Wal-Mart*, 120 S.Ct. at 1343. While at times the appropriate characterization of a mark may seem self-evident and unnecessary of clarification through the presentation of evidence, the Fifth Circuit has cautioned against "leaping too quickly to any conclusion before a *full* presentation of the evidence." *Union National Bank*, 909 F.2d at 847 (emphasis added).

Viewed in the light most favorable to plaintiff, the limited evidence presented on summary judgment does not enable the court to determine as a matter of law that plaintiff's mark, "The Gold

Club," is merely a descriptive term.² While there is considerable evidence that the term "Gold Club" is widely used throughout the adult entertainment industry, (*See* Def. MSJ App. at 19, 23-24), other evidence suggests that a consumer must use some imagination to reach a conclusion that "Gold Club" is synonymous with strip clubs. For example, plaintiff cites to several federal trademark registrations incorporating the term "Gold Club" to describe services ranging from hosiery to frozen fruits and vegetables. (*See* Plf. MSJ Resp. at 7). Even defendants admit that the term "Gold Club" could apply to "a whole range of high quality services." (Def. MSJ Br. at 13). This genuine issue of material fact precludes summary judgment in favor of defendants on the threshold issue of classification of the mark. *See Janes v. Watson*, No. SA-05-CA-0473-XR, 2006 WL 2322820 at *6 (W.D. Tex. Aug. 2, 2006) (summary judgment evidence raised fact issue as to whether "FineArtStudioOnline" was suggestive or descriptive mark).

Similarly, defendants are not entitled to summary judgment on the issue of whether their use of "Jaguar's Gold Club" creates a likelihood of confusion in the minds of potential consumers. Whether a likelihood of confusion exists is generally a question of fact. *See Blue Bell Bio-Medical v. Cin-Bad, Inc.*, 864 F.2d 1253, 1259 (5th Cir. 1989). In analyzing the issue, courts look to seven non-exclusive factors, sometimes called "digits" of confusion:

    (1)    the type or strength of the mark allegedly infringed;

    (2)    the similarity between the two marks;

    (3)    the similarity of the products or services;

---

² The court rejects plaintiff's argument that the "The Gold Club" mark is inherently distinctive because it was registered with the Texas Secretary of State. Under Texas law, a certificate of registration is prima facie proof of the validity of the mark, ownership of the mark, and the owner's exclusive right to use the mark in commerce. TEX. BUS & COMM. CODE ANN. § 16.15(c) (Vernon 2002); *see also Sun Water Systems*, 2007 WL 628099 at *14. However, proof of a state registration does not establish as a matter of law that the mark is inherently distinctive. Instead, it merely shifts to defendants the burden of producing evidence to rebut the presumption of validity and plaintiff's right to exclusive use of the mark. *See Igloo Products Corp. v. Brantex, Inc.*, 202 F.3d 814, 819 (5th Cir. 2000), *citing All American Builders, Inc. v. All American Siding of Dallas, Inc.*, 991 S.W.2d 484, 489 (Tex. App.--Fort Worth 1999, no writ).

(4) the identity of the retail outlets and purchasers;

(5) the identity of the advertising media used;

(6) the defendant's intent; and

(7) any evidence of actual confusion.

*Westchester Media v. PRL USA Holdings, Inc.*, 214 F.3d 658, 664 (5th Cir. 2000). "This list is not exhaustive, and it is not necessary for the plaintiff to show that all of the factors are present." *AMX Corp. v. Pilote Films*, No. 3-04-CV-2035-D, 2007 WL 1695120 at *25 (N.D. Tex. Jun. 5, 2007) (citing cases). Here, the evidence shows that plaintiff and defendants use similar marks, "The Gold Club" and "Jaguar's Gold Club," for their strip clubs in the Dallas/Fort Worth metroplex. (*See* Def. MSJ App. at 8, 49). Not only are the marks similar, but the services provided by each party are virtually identical. This evidence creates a genuine issue of material fact for trial. *See, e.g. Society of Financial Examiners v. National Ass'n of Certified Fraud Examiners, Inc.*, 41 F.3d 223, 226 (5th Cir.), *cert. denied*, 115 S.Ct. 2247 (1995) (summary judgment not appropriate where strength of the mark and likelihood of confusion were both questions of fact); *Neles-Jamesbury, Inc. v. Valve Dynamics*, 974 F.Supp. 964, 971 (S.D. Tex. 1997) ("[L]ikelihood of confusion is a fact issue that, except in rare circumstances, should not be determined on a motion for summary judgment.").

Three defendants--Gold Suit, Inc. ("Gold Suit"), JGC Odessa Gold, LLC ("Odessa Gold"), and JGC Tye, LLC ("JGC Tye")--seek summary judgment on the ground that they offered adult entertainment services under the name "Jaguar's Gold Club" in geographically remote markets before plaintiff ever used its registered mark. Although it is not clear from their briefing, it appears these defendants rely on the common law defense that "the national senior user of a mark cannot oust a geographically remote good-faith user who has used the mark first in a remote trade area." 2 J. McCarthy, TRADEMARKS AND UNFAIR COMPETITION § 26:4 (4th ed. 2003); *see also C.P. Interests*

*v. California Pools, Inc.*, 236 F.3d 690, 700 (5th Cir. 2001), *citing Hanover Star Milling Co. v. Metcalf*, 240 U.S. 403, 36 S.Ct. 357, 60 L.Ed. 713 (1916) and *United Drug Co. v. Theodore Rectanus Co.*, 248 U.S. 90, 39 S.Ct. 48, 63 L.Ed. 141 (1918). The only evidence offered by defendants on this issue, the Affidavit of Bryan Scott Foster, establishes that Gold Suit began using the "Jaguar's Gold Club" name in connection with strip club services in El Paso, Texas, in July 2002, (*see* Def. MSJ App. at 2, ¶ 6), that Odessa Gold began using the "Jaguar's Gold Club" name in connection with strip club services in Odessa, Texas, in August 2003, (*see id.* at 2, ¶ 7), and that JGC Tye began using the "Jaguar's Gold Club" name in connection with strip club services in Tye, Texas, a suburb of Abilene, in November 2004, (*see id.* at 3, ¶ 8). While this evidence shows that all three defendants operate in geographically remote markets, nothing in the Foster affidavit or the summary judgment briefing even touches on the "good faith" component of this defense. Moreover, the court notes that JGC Tye did not begin using the "Jaguar's Gold Club" name until six months *after* plaintiff registered its mark in May 2004. This evidence falls short of the quantum of proof necessary to obtain summary judgment on the common law defense of prior good-faith use. *See GTE Corp. v. Williams*, 904 F.2d 536, 541 (10th Cir.), *cert. denied*, 111 S.Ct. 557 (1990) (alleged infringer has burden of proving both the "good faith" and "remoteness" elements of defense).

The court reaches a different conclusion with respect to plaintiff's trademark infringement and unfair competition claims against Defendants Golden Productions, LLC ("Golden"), JGC Management, LLC ("JGC Management"), JGC Franchise, LLC ("JGC Franchise"), JGC Platinum Odessa, LLC ("Platinum Odessa"), and JGC Trinity Blvd, LLC ("JGC Trinity"). Plaintiff concedes that there is no evidence any of these defendants ever used the contested mark. (*See* Plf. MSJ Resp. at 20). The court therefore grants summary judgment in favor of Golden, JGC Management, JGC Franchise, Platinum Odessa, and JGC Trinity.

## CONCLUSION

Defendants' motion for summary judgment [Doc. # 48] is granted in part and denied in part. The motion is granted with respect to plaintiff's trademark infringement and unfair competition claims against Defendants Golden Productions, LLC, JGC Management, LLC, JGC Franchise, LLC, JGC Platinum Odessa, LLC , and JGC Trinity Blvd, LLC. In all other respects, the motion is denied.

SO ORDERED.

DATED: July 29, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE