IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADVENTURE PLUS ENTERPRISES, INC. | § § § | |
| Plaintiff, | § | NO. 3-06-CV-2032-BD |
| VS. | § § § | (<u>Consolidated With</u>: No. 3-07-CV-1315-L) |
| GOLD SUIT, INC., ET AL. | § § | |
| Defendants. | § | |

## **MEMORANDUM ORDER**

Defendants Manana Entertainment, Inc. ("Manana") and Golden Productions JGC Fort Worth, Inc. ("GP-Fort Worth") have filed a motion for leave to amend their answer in this trademark infringement action in order to add two new affirmative defenses--accord and satisfaction and implied license. Plaintiff opposes the motion as untimely. The parties have briefed their respective positions in a joint status report filed on November 20, 2008, and the motion is ripe for determination.

This case was filed by plaintiff on November 3, 2006. In its original complaint, plaintiff sued only one defendant, Gold Suit, Inc. d/b/a Jaguar Gold Club, for infringing its registered trademark "The Gold Club" by operating strip clubs in the Dallas/Fort Worth area under a similar name. On July 27, 2007, plaintiff sued Manana and GP-Fort Worth for trademark infringement and unfair competition in a separate case. The two cases were subsequently consolidated into one action. After the cases were consolidated, the court issued a revised scheduling order establishing an October 19, 2007 pleading deadline. *See* Rev. Sch. Order, 8/23/07 at 2, ¶ 4. That deadline has never been modified by the parties or the court. On May 22, 2008, the court issued an order setting the case for

trial and establishing certain trial-related deadlines. *See* Order, 5/22/08. The case was specially set for a jury trial on October 27, 2008, and a pretrial conference was scheduled for October 17, 2008. Pretrial materials, including a joint pretrial order, witness lists, and exhibit lists, were due on October 10, 2008. *See id.* at 1-2. Thereafter, at the request of the parties, the trial was postponed until December 8, 2008, the pretrial conference was rescheduled for November 21, 2008,[1] and the deadline for filing pretrial materials was reset to November 14, 2008. *See* Order, 9/18/08. On November 20, 2008--more than a year after the expiration of the pleading deadline, six days after the expiration of the deadline for filing pretrial materials, and just 18 days before trial--Manana and GP-Fort Worth filed the instant motion for leave to amend their answer to assert two new affirmative defenses.

A motion for leave to amend filed after the expiration of the pleading deadline must be scrutinized under a two-part test. *S &W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, N.A.*, 315 F.3d 533, 535-36 & n. 2 (5th Cir. 2003), *citing Dallas Area Rapid Transit v. Foster*, No. 3-00-CV-1080-BD, 2002 WL 31433295 at *1 (N.D. Tex. Oct. 28, 2002) (Kaplan, J.). First, the court must determine whether to modify the scheduling order. *Id.* at 536. Rule 16(b) provides, in pertinent part, that "[a] schedule may be modified only for good cause with the judge's consent." FED. R. CIV. P. 16(b)(4). The "good cause" standard focuses on the diligence of the party seeking a modification of the scheduling order. *Foster*, 2002 WL 31433295 at *1, *citing American Toumaline Fields v. International Paper Co.*, 1998 WL 874825 at *1 (N.D. Tex. Dec. 7, 1998). Mere inadvertence on the part of the movant and the absence of prejudice to the non-movant are insufficient to establish "good cause." *Id.* Instead, the movant must show that "despite his diligence, he could not have reasonably met the scheduling deadline." *Id., citing* 6A C. WRIGHT & A. MILLER,

---

[1] The court subsequently reset the pretrial conference for December 1, 2008.

FEDERAL PRACTICE AND PROCEDURE § 1522.1 at 231 (2d ed. 1990). If the movant establishes "good cause" to modify the scheduling order, the court must decide whether to grant leave to amend under the more liberal standards of Rule 15(a).[2] *S&W Enterprises*, 315 F.3d at 536; *Foster*, 2002 WL 31433295 at *1.

In an attempt to demonstrate good cause, Manana and GP-Fort Worth contend that they only recently discovered evidence of an alleged oral licensing agreement between plaintiff and VCG Holding Corp. ("VCG"), the current owner of two Jaguar's Gold Clubs, which gives rise to their new defenses. (*See* Jt. Stat. Rep. at 7-8). As part of this agreement, which purportedly was entered into sometime in late April or early May of this year, VCG promised to change the name of the two strip clubs from "Jaguar's Gold Club" to "Jaguar's" in exchange for the dismissal of all claims against Manana and GP-Fort Worth. (*See* Jt. Stat. Rep. App. at 187-88, ¶¶ 8-9). Even if such an agreement exists, which plaintiff denies, Manana and GP-Fort Worth waited more than *six months* to raise their affirmative defenses of accord and satisfaction and implied license. That litigation counsel was unaware of the agreement until recently does not constitute "good cause." Had counsel been more diligent in communicating with his client, or vice versa, the alleged oral licensing agreement could have been discovered in time to give plaintiff adequate notice of the new defenses. Permitting Manana and GP-Fort Worth to amend their answer at this late date will further delay the disposition of a case that has been pending for more than two years and is set for trial in less than three weeks.

For these reasons, defendants' motion for leave to file an amended answer [Doc. #77] is denied.

SO ORDERED.

---

[2] Rule 15(a) provides, in pertinent part, that leave to amend a pleading should be freely given "when justice so requires." *See* FED. R. CIV. P. 15(a)(2).

DATED: November 21, 2008.

                                                          _____
                                                          JEFF KAPLAN
                                                          UNITED STATES MAGISTRATE JUDGE